UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

DAVID SCHUCKNECHT, JOHN WEBER, KEITH FLEMING,
PAUL OLSON, BRIAN VAN GROLL, CHAD FREUND,
JOHN PANECK, on behalf of themselves
and all others who consent to become Plaintiffs
and similarly situated employees,

      Plaintiffs,

   v.                                     Case No. 11-cv-00524

KRAFT FOODS GLOBAL, INC.,
and UNITED RESEARCH SERVICES,
WASHINGTON GROUP DIVISION

      Defendants,

## ORDER GRANTING PLAINTIFFS' PETITION FOR CLASS CERTIFICATION, APPROVAL OF SETTLEMENT AWARD, ATTORNEY FEES AND COSTS, AND DISTRIBUTION TO CLASS REPRESENTATIVES AND CLASS MEMBERS

The above-entitled matter came before the Court on Plaintiff's Petition for Approval Class Certification, Settlement Award, Attorney Fees and Costs, and Distribution to Class Representatives and Class Members at the Fairness Hearing, on Friday, February 15, 2013, the date and time set forth within the Notice mailed to the Class Members. Plaintiffs were represented by Ginger Murray, of Lawton & Cates, S.C. and Class Representatives David Schucknecht and Brian Van Groll. Kraft was represented by Attorney Daniel A. Kaplan, of Foley & Lardner LLP. For the reasons stated on the record, and those set forth in the Memorandum In Support of the Petition, and upon the good cause shown, it is hereby ORDERED that Plaintiffs' Petition for Class Certification, Approval of Settlement Award, Attorney Fees and Costs, and Distribution to Class Representatives and Class Members is

GRANTED, and the terms of the Settlement Agreement and Release of Claims ("Settlement Agreement") attached as Exhibit 1 are approved as fair, reasonable and adequate. It is ordered:

1. The Class is certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure and pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), defined as follows:

> Hourly employees who worked for Defendants at any time from June 1, 2009 to March 1, 2010, at Kraft's Little Chute, Wisconsin pizza plant and donned/doffed personal protective equipment during that employment.

Excluded from the Class are: Amanda Stai; Thai Xiong; Yeng Yang; and Thae Yang; Class Members who timely and validly requested exclusion from the Class pursuant to the Notice disseminated as required by prior court order. The Court finds that:

(a) the proposed Class consists of hourly employees who worked in Kraft's Little Chute, Wisconsin pizza plant and donned/doffed personal protective equipment;

(b) the proposed Class members consist of 1003 individuals, satisfying the requirement of numerosity;

(c) the litigation and settlement raised questions of law and fact common to the proposed Class, and these common questions predominate over any questions affecting only individual Class members;

(d) the claims of the Class Representatives, DAVID SCHUCKNECHT, JOHN WEBER, KEITH FLEMING, PAUL OLSON, BRIAN VAN GROLL, CHAD FREUND, JOHN PANECK, are typical of the claims of the Class;

(e) in assisting with the litigation and negotiating and entering into the settlement, the Class Representatives and their counsel have fairly and adequately protected the interests of the Class, and adequately represented the class in connection with the settlement;

(f) the Class is certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure and pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standard Act ("FLSA");

(g) this class is defined as follows: Hourly employees who worked for Defendants at any time from June 1, 2009 to March 1, 2010 (the "Class Period") and donned/doffed personal protective equipment during that employment. Excluded from this Class are the four Class Members, identified above, who timely and validly requested exclusion from the Class pursuant to the Notice disseminated by the Parties and those others who were not required to don and doff personal protective clothing during the class period as well as those who were not hourly employees during the Class Period; and

(h) the class action is superior to other available methods for fair and efficient adjudication of this controversy.

2. The Settlement award, in the amount of $750,000.00, is fair, reasonable and adequate, and is approved. All Class Representatives consent to the Settlement Award. The Court approved Notice was mailed to 1069 Class Members as directed by the Court. The class representatives objected to the inclusion of 61 class members listed by Kraft as potential Class Members as they did not meet the requirements for Class Member. Those 61 were notified of the objection by letter dated January 22, 2013 and not one has disputed the claim of ineligibility raised in the objection. There were no other objections to the Settlement filed and no one appeared to object. The class representatives and counsel agree that Lukas Jonas meets the requirements for inclusion in the class and will be included.

3. The Settlement is a near complete victory for the Class. This settlement parameters were reached, at the efforts of counsel for both parties, within one year from filing of the complaint in this case. The Settlement Award shall be distributed as set forth in the

Settlement Agreement, as if no objection had been filed.  The parties stipulate to the court waiting until March 1, 2013 to sign the order

  4. Pursuant to Rule 23(c)(1)(b) and (g), the Court appoints the named Plaintiffs as Class Representatives and their counsel of record, Lawton & Cates, S.C., Miner, Barnhill & Galland, P.C. as Class Counsel.

  5. The Settlement Agreement is binding on Kraft and the Class Members, except the four (4) that Opted Out.

  6. The released claims are dismissed, with prejudice.

  7. The claims of the four (4) Class Members that Opted Out are dismissed, without prejudice.

  8. The Defendants are forever discharged from all the released claims.

  9. The Attorney Fees and Costs and Service Award requested in the Petition are granted.

  a. The attorneys' fees and costs sought by Class Counsel, Lawton & Cates, S.C., and Miner, Barnhill, and Galland in the amount of $187,500.00 are awarded as reasonable attorneys' fees and litigation expenses.  This amount includes:

    i. $154,242.75  in lodestar fees in total, including $11,700 in lodestar fees after January 25, 2013;

    ii. $2,814.19 in expenses;

    iii. A fee enhancer of 1.197;

b. Class Representatives, DAVID SCHUCKNECHT, JOHN WEBER, KEITH FLEMING, PAUL OLSON, BRIAN VAN GROLL, CHAD FREUND, JOHN PANECK**,** are awarded $2,500.00 each for services to the Class.

10. The Settlement Fund shall be deemed and considered to be in *custodial legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such Settlement Fund shall be distributed pursuant to the Settlement Agreement or further order of the Court.

11. **Settlement Fund.** Kraft shall establish a Settlement Fund in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00) ("Settlement Fund") to resolve all federal and Wisconsin state law wage and hour claims of the Class Representatives and Class Members. This Settlement Fund is inclusive of attorneys' fees, costs, a liquidated penalty, past due or unpaid wages, and a Service Award Enhancement to the Class Representatives, such that Kraft's settlement liability, other than Kraft's share of payroll taxes and settlement administration costs, shall not exceed $750,000.00. The Fund shall be distributed as follows:

   a. Class Counsel are awarded $187,500.00 as reasonable attorneys' fees and litigation expenses.

   b. Class Representatives, Class Representatives, DAVID SCHUCKNECHT, JOHN WEBER, KEITH FLEMING, PAUL OLSON, BRIAN VAN GROLL, CHAD FREUND, are awarded $2,500.00.00 each for services to the class for a total Service Representative Award of $17,500;

   c. The remaining $545,000.00 shall be divided in accordance with paragraph 3 of the Settlement Agreement and Release of Claims and Paragraph 3 of the Notice of Class Action Settlement included in the Memorandum in Support of this Petition.

12. The costs of administering the settlement and providing Notice shall be borne and paid as set forth in the Settlement Agreement.

It is so ORDERED this 4th day of March, 2013.

                                              s/ Lynn Adelman
                                              _____
                                              Honorable Lynn Adelman
                                              United States District Judge